John Robert HUGHES,
Plaintiff–Appellee,

v.

STATE of Tennessee DEPARTMENT
OF SAFETY, Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 3, 1989.

Permission to Appeal Denied by
Supreme Court July 31, 1989.

Charles W. Burson, Atty. Gen. and Reporter Stephanie R. Reevers, Asst. Atty. Gen., Nashville, for defendant-appellant.

Lionel R. Barrett, Jr., Mark C. Scruggs, Nashville, for plaintiff-appellee.

OPINION

CANTRELL, Judge.

The primary question involved in this appeal is whether a vehicle used in a trip to purchase marijuana for the vehicle owner's personal use is subject to forfeiture under Tenn.Code Ann. § 53–11–409(a)(4) (Supp. 1988).

In December of 1986, about 2:30 one morning, an officer of the Williamson County Sheriff's Department inspected a blue Mazda truck parked at a grocery store in Nolensville. After seeing a hand-rolled cigarette and a plastic bag containing a green substance inside the truck, the officer got into the truck and found small amounts of marijuana in four separate bags. In addition, the officer found two packs of cigarette papers and some partially smoked marijuana cigarettes. The total quantity of marijuana found in the truck was approximately 1.2 ounces. When the owner of the truck returned, the officer placed him under arrest and confiscated the truck. The state charged the owner of the truck with possession of a controlled substance for the purpose of resale. The owner pleaded guilty to the lesser charge of simple possession under Tenn.Code Ann. § 39–6–417(b) (Supp.1988).

The truck owner filed a petition with the Department of Safety to get his truck back. At a hearing before an administrative law judge, the owner testified that he had made a trip to Nashville to purchase one of the bags of marijuana found in the truck and that he had driven the truck to and from the site where the purchase took place. He admitted that he had used the truck in a similar fashion before and that the other bags found in the truck probably contained a residue of the materials purchased on other occasions.

The administrative law judge held that the owner of the truck did not possess the

marijuana for purposes of resale and that Tenn.Code Ann. § 53–11–409(a)(4) does not allow the state to confiscate a vehicle used in transporting marijuana possessed for personal use, even if the vehicle may have been used to buy the drugs.

The commissioner of safety reversed the decision of the administrative law judge and held that Tenn.Code Ann. § 53–11–409(a)(4) allows the state to seize any vehicle used to facilitate the transport, sale, or receipt of a controlled substance, regardless of the purpose for which the owner of the vehicle possessed the substance.

The owner filed a petition for review in the Chancery Court of Davidson County. The chancellor reversed the decision of the commissioner of safety and entered an order containing the following paragraphs:

Upon a consideration of the entire record the Court makes the following findings:

The Petitioner pled guilty in the Criminal Court of Williamson County, Tennessee, to Possession of Marijuana pursuant to the provisions of T.C.A. 39–6–417(b). The forfeiture provisions of T.C.A. 53–11–409(c)(4) state that conveyance is not subject to forfeiture for a violation of the previously mentioned statute. The Court therefore finds that the Commissioner's decision is not supported by substantial and material evidence. Accordingly, the decision by the Commissioner to forfeit the Petitioner's 1984 Mazda truck to the seizing agency is reversed.

It is ORDERED that the 1984 Mazda truck be returned to the Petitioner. This action is remanded to the Commissioner of the Department of Safety for further proceedings not inconsistent with this Order.

The state appeals from the chancellor's decision ordering the return of the truck to the owner.

On appeal, the owner of the vehicle concedes that his guilty plea in the criminal court to simple possession of marijuana has nothing to do with the merits of this appeal. *See State v. McCrary*, 205 Tenn. 306, 326 S.W.2d 473 (1959). Thus, we proceed to examine the issue of whether the relevant statutes allow the state to seize an automobile used in travelling to and from the place of purchase of a small amount of marijuana for the vehicle owner's personal use.

A.

Tenn.Code Ann. § 53–11–409(a) provides, in pertinent part:

The following are subject to forfeiture:

....

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, or receipt of property described in subdivision (a)(1) or (a)(2)....

We must determine whether the use of a vehicle to travel to and from the place of purchase of a small amount of marijuana for the vehicle owner's personal use facilitates in any manner "the transportation, sale, or receipt" of illegal drugs.

Legislative history helps to clarify the meaning of Tenn.Code Ann. § 53–11–409(a)(4), the present form of which was enacted in 1986. Prior to 1986, Tenn.Code Ann. § 53–11–409(a)(4) permitted forfeiture of the following:

All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, *for the purpose of sale* or receipt of property described in subdivision (a)(1) or (a)(2).

Tenn.Code Ann. § 53–11–409(a)(4) (1983) (emphasis added). On December 18, 1985, this court filed an opinion in the case of *Featherston v. Wood*, 1985 WL 4551 (Tenn. Ct.App.), filed at Nashville, December 18, 1985, in which we interpreted § 53–11–409(a) as it then read. This court said:

It [§ 53–11–409(a)(4)] does *not* refer to facilitating the *sale* of controlled substances. It refers only to facilitating the *transportation* of controlled substances. It is true that the statute describes the transportation as being for the purpose

of sale or receipt; but the phrase, "for the purpose of sale or receipt" describes and limits the word, "transportation" and does not describe and extend the words, "to facilitate" which are limited only by the word "transportation".

Under the interpretation urged by appellant, all vehicles used in the long and complicated chain of transfer of funds would be subject to forfeiture: for example, transporting money to bank, transporting a check to the payee (including U.S. Mail vehicles), transporting payee's check to his bank, and thence back to the bank of the drawer.

Appellant relies upon various Federal decisions which are based upon 21 U.S.C. § 881(a)(4) which applies to:

all ... vehicles ... used, or intended to use (sic) to ... facilitate the transportation, *sale* ... of property.

As heretofore pointed out, the Tennessee statute does *not* include *sale* as an object of the infinitive, "to facilitate". If the Tennessee statute were worded the same as the Federal statute, appellant's argument would have force, but such is not the case.

*Id.* at 5–6.

In its next session, the Tennessee General Assembly passed Chapter 783 of the Public Acts of 1986. The pertinent part of that chapter reads as follows:

WHEREAS, The illegal sale and use of controlled substances in this state is a serious problem and destructive of society, and

WHEREAS, The use of real property and conveyances, including aircraft, vehicles, or vessels facilitates the illegal distribution, sale, and possession of controlled substances, and

WHEREAS, It is the intent of the legislature to discourage the use of said real property, and conveyances, including aircraft, vehicles, or vessels to facilitate the illegal distribution, sale, and possession of controlled substances in the most effective manner possible, and

WHEREAS, The present federal forfeiture statute, 21 United States Code, Section 881, serves the purpose set out

herein and mirrors the intent of the legislature; now, therefore,

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 53–11–409(a), is amended by deleting subdivision (4) in its entirety and by substituting instead the following:

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, or receipt of property described in subdivisions (a)(1) or (a)(2), but: ....

1986 Tenn.Pub.Acts ch. 783. It is clear from the recitals in Chapter 783 that the General Assembly intended to do two things: (1) strengthen the forfeiture provisions of the state law, and (2) make the state law the same as the federal forfeiture statutes. As a result, the relevant portion of Tenn.Code Ann. § 53–11–409(a)(4) is now identical to language used in 21 U.S.C. § 881(a)(4) (1982).

Although neither of the parties to this appeal bothered to cite any federal cases, we are of the opinion that, since the relevant language of the two sections is identical, we can get some help in interpreting Tenn.Code Ann. § 53–11–409(a)(4) from the federal decisions interpreting 21 U.S.C. § 881(a)(4).

■ The federal decisions interpret 21 U.S.C. § 881(a)(4) to require the forfeiture of a vehicle for the intentional transportation of an illegal substance, no matter how small the amount. *See United States v. One 1975 Chevrolet K–5 Blazer,* 495 F.Supp. 737 (W.D.Mich.1980); *United States v. One 1975 Mercury Monarch,* 423 F.Supp. 1026 (S.D.N.Y.1976). Also, using a vehicle to transport money used in an illegal drug sale has been held to facilitate the sale. *United States v. One 1973 Volvo,* 377 F.Supp. 810 (W.D.Texas 1974). We hold, therefore, that the transportation of any amount of illegal drugs comes within the letter of Tenn.Code Ann. § 53–11–409(a)(4). This conclusion would

end this case except for the fact that (as discussed in Part B of this opinion) § 53–11–409(a)(4)(C) may exempt vehicles used to transport a small amount of drugs for the owner's use. We are, therefore, compelled to decide if the use of the vehicle in this case violated other parts of Tenn. Code Ann. § 53–11–409(a)(4).

With respect to the use of an automobile to travel to the scene where an illegal sale takes place, there are two lines of federal cases. One line follows *Platt v. United States*, 163 F.2d 165 (10th Cir.1947). *Platt* involved a drug addict's use of her mother's automobile to drive to a drug store to make an illegal purchase. The court, interpreting 49 U.S.C.App. § 781(a)(3), held that the use of the automobile did not facilitate the procurement of the drugs. The court said:

> The use of the automobile did not make the accomplishment of the purchase more easy or free it from obstructions or hindrance, or make the sale any less difficult. It was merely the means of locomotion by which Blanche Cooper went to the store to make the purchase. Its use enabled her to get to the store more quickly than if she had walked or had used a slower means of transportation. But the argument that this facilitated the purchase disregards the ordinary and accepted meaning of the word when applied to the sale.

On the other hand, there is a line of cases following *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir.1977), in which the court held that, under 21 U.S.C. § 881(a)(4), the use of an automobile by a drug seller in going to a meeting with a prospective purchaser facilitated the later sale. The court upheld the confiscation although the drugs were never present in the automobile and it appears that the automobile was not used as a conveyance for the funds used in the transaction. The Second Circuit distinguished *Platt* by pointing out that, in 21 U.S.C. § 881(a)(4), Congress used the words "in any manner to facilitate the transportation ... [or] sale" of a controlled substance, whereas 49 U.S.C.App. § 781(a)(3) (the section involved in *Platt*) contained the words

"to facilitate the transportation ... [or] sale ... of any contraband article." The court found that Congress's addition of the words "in any manner" in 21 U.S.C. § 881(a)(4) indicates "an intent to broaden the applicability of the forfeiture remedy." *United States v. One 1974 Cadillac Eldorado*, 548 F.2d at 425.

After the Second Circuit's decision in *United States v. One 1974 Cadillac Eldorado Sedan*, the Eleventh Circuit decided the case of *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424 (11th Cir. 1983), in which the automobile was driven by the owner from Knoxville to Atlanta for the purpose of engaging in negotiations for the purchase of a controlled substance. The next day, the owner used the automobile to drive from his hotel to a meeting place where the negotiations occurred. Although the sale was never consummated, the court held that the vehicle was subject to forfeiture under 21 U.S.C. § 881(a)(4).

It seems to us that, except for the fact that in the federal case the sale never took place, *United States v. One 1979 Porsche Coupe* is identical to the case under consideration. The fact that the owner of the Mazda truck in this case actually made a purchase and transported the marijuana away from the sale in the truck provides an even stronger basis for forfeiture.

We are convinced that the owner used the truck to facilitate the transportation, sale, and receipt of the marijuana.

### B.

Our decision in Part A of this opinion forces us to consider the effect of Tenn. Code Ann. § 53–11–409(a)(4)(C), which states: "A conveyance is not subject to forfeiture for a violation of § 39–6–417(b)...." Section 39–6–417(b) is the section of the Drug Control Act making a first offense of simple possession of a controlled substance a misdemeanor.

In his brief, the vehicle owner cites the Senate debates on the 1986 bill in support of his contention that the forfeiture law applies only where the automobile was used in the commission of a felony. We

are, however, unable to follow this argument. The portions of the debates cited in the owner's brief concern some amendments to the bill originally debated on the Senate floor. The amendments initially passed in the Senate, but the House refused to concur in the bill passed by the Senate. The House passed and sent back to the Senate a completely different bill without the Senate amendments. The Senate concurred in the bill passed by the House. As a consequence, the bill signed by the governor does not contain any of the language being discussed in the debates cited in the owner's brief. We think that debates on amendments that never became law are completely irrelevant to the interpretation of the bill finally passed.

The owner, nevertheless, insists that Tenn.Code Ann. § 53–11–409(a)(4)(C) relieves him from the forfeiture of his vehicle because he was guilty of simple possession only. For the purpose of this section of the opinion, we will accept the finding of the administrative law judge that the owner did not possess the marijuana for the purpose of resale. That conclusion, however, does not mandate a release of the vehicle to the owner.

▮ We think that Tenn.Code Ann. § 53–11–409(a)(4)(C) could prevent the forfeiture of a vehicle when the operator is found guilty of simple possession of a small amount of a controlled substance and the vehicle's only connection with the substance is as a means of transportation. Arguably, then, forfeiture would not occur when the vehicle is used only to transport the illegal drug. Section 53–11–409(a)(4)(C) does not, however, exempt from forfeiture a vehicle that has been used to facilitate the illegal sale or receipt of a controlled substance. Thus, we are convinced that the use of a vehicle to drive to the point where an illegal sale is made and the further use to transport the controlled substance away from the point of sale will subject the vehicle to confiscation regardless of the purpose for which the controlled substance was purchased.

The judgment of the court below is reversed and the decision of the Commissioner of Safety is reinstated. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellee.

KOCH and FRANKS, JJ., concur.