John Forester HILL,
Petitioner/Appellee,

v.

Robert D. LAWSON, in his official capacity as Commissioner of the Tennessee Department of Safety, Respondent/Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 2, 1992.

Permission to Appeal Denied by Supreme Court March 22, 1993.

Charles W. Burson, Atty. Gen. & Reporter, Byron M. Jones, Asst. Atty. Gen., Nashville, for respondent/appellant.

Charles R. Ray, Nashville, for respondent/appellee.

## OPINION

CANTRELL, Judge.

The Commissioner of Safety ordered John Forester Hill's Chevrolet Suburban forfeited because it was used to transport a controlled substance. Finding that the Commissioner's order was not supported by substantial and material evidence, the Chancery Court of Davidson County reversed. We reinstate the Commissioner's order.

### I.

Police officers discovered a well tended marijuana crop in Mr. Hill's garden. According to one of the officers, Mr. Hill told him he used the Chevrolet Suburban to bring the seeds from California to Nashville. Consequently, the officers confiscated the vehicle.

At the confiscation hearing, Mr. Hill denied the statements, but the administrative law judge made the following finding of fact:

The evidence is convincing that the Claimant used the subject vehicle to transport marijuana seeds from California to Nashville and since arriving in Nashville, has transformed the marijuana seeds into 52 growing marijuana plants and 128.8 grams of processed marijuana. This is, of course, entirely too much marijuana for individual and personal consumption. One can hardly escape the conclusion that the marijuana crop was being grown for resale.

When the subject automobile was used to transport the marijuana seeds from California to Nashville and when these marijuana seeds were turned into a thriving and potentially highly profitable marijuana crop, one that gave every indication of having been carefully tended by the Claimant, the subject vehicle clearly falls within the confiscation provisions of the Tennessee Drug Control Act. The subject vehicle has been used to facilitate the transportation of contraband narcot-

ics which were subsequently planted and were to be harvested for resale.

Based on that finding the administrative law judge sustained the forfeiture. The order became the final order of the Commissioner and Mr. Hill filed a petition for review in the Chancery Court of Davidson County. The chancellor held that the decision was not supported by substantial and material evidence as required by Tenn.Code Ann. § 4–5–322(h)(5).

## II.

■ We disagree with the chancellor's conclusion. The administrative law judge's finding was predicated on the officer's statement of what Mr. Hill told him. Mr. Hill's admission to the officer is competent evidence, Rule 803(1.2)(A), Tenn.R.Evid., and while not conclusive, in this court's opinion it does supply evidence which is both substantial and material.

■ Mr. Hill argues that inconsistencies in the testimony of the two officers who were on the scene detract from the weight of the one officer's testimony concerning the transportation of the seeds. The inconsistencies, however, are but one factor out of many that make up the whole question of credibility. Where the trier of fact believes one witness over the other after taking into account the factors that affect credibility, that finding will not be upset by a reviewing court unless there is other real evidence to the contrary. *State ex rel. Balsinger v. Town of Madisonville*, 222 Tenn. 272, 282, 435 S.W.2d 803, 807 (1968).

We think the finding of the administrative law judge is supported by substantial and material evidence.

## III.

■ The forfeiture statute, Tenn.Code Ann. § 53–11–451(a)(4) makes conveyances subject to forfeiture if they are used, or are intended for use, to transport or in any manner to facilitate transportation, sale or receipt of property described in Section (a)(1) or (2). Sections (a)(1) and (2) refer to controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of title 39, chapter 17, part 4 of the Code, and raw materials, products and equipment of any kind which are used, or are intended for use, in manufacturing a controlled substance in violation of the same Code section.

Marijuana, including the seeds thereof, is a controlled substance. Tenn.Code Ann. §§ 39–17–402(15), –415(1). Therefore, we think it is inescapable that Mr. Hill's vehicle was subject to forfeiture.

Imposed on the above provisions is an exception set out in Tenn.Code Ann. § 53–11–451(a)(4)(C)[1] which provides: "A conveyance is not subject to forfeiture for a violation of § 39–6–417(b) [repealed]".

The effect of Tenn.Code Ann. § 53–11–451(a)(4)(C) is unclear now that Tenn.Code Ann. § 39–6–417(b) has been repealed. The court, however, had the occasion to interpret the former section in *Hughes v. State Dept. of Safety*, 776 S.W.2d 111 (Tenn.App. 1989). There the court said that the statute might prevent "the forfeiture of a vehicle when the operator is found guilty of simple possession of a small amount of a controlled substance and the vehicle's only connection with the substance is as a means of transportation." *Id.* at 115. Even if that is still an accurate interpretation of the law, however, we think the transportation of marijuana seeds into Tennessee for the purpose of growing a large crop of marijuana does not fit within the statutory exception.

The judgment of the court below is reversed and the order of the Commissioner of the Department of Safety is reinstated. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellee.

LEWIS and KOCH, JJ., concur.

---

1. Tenn.Code Ann. § 53–11–451(a)(4)(C) was transferred in 1990 from Tenn.Code Ann. § 53– 11–409(a)(4)(C).