**Tom DONIHE and Donihe Graphics, Inc., Petitioners–Appellants,**

v.

**TENNESSEE DEPARTMENT OF SAFETY, Respondent–Appellee.**

Court of Appeals of Tennessee, Western Section, at Nashville.

June 4, 1993.

Application for Permission to Appeal Denied by Supreme Court Sept. 27, 1993.

**904**

Richard A. Spivey, Kingsport, for petitioners-appellants.

Charles W. Burson, Atty. Gen. & Reporter, Byron M. Jones, Asst. Atty. Gen., for respondent-appellee.

CRAWFORD, Judge.

The subject 1989 Mercedes was seized by the Department of Safety pursuant to a notice of seizure dated September 10, 1989. On the notice, Mr. Tom Donihe was listed as the owner of the vehicle, but the subject vehicle was actually titled to Donihe Graphics, Inc., a corporation wholly owned by Tom Donihe. The request for an administrative hearing was made by both Tom Donihe and Donihe Graphics, Inc., and the hearing was held in two sessions on March 26, 1990 and on March 12, 1991.

The first witness for the state, Sharon Kay Osborne, testified as follows: She worked for Tom Donihe for a period of two weeks, several years prior to the March, 1990, hearing date. During the latter part of 1988 and the early part of 1989, she delivered cocaine, which she had obtained from her boyfriend, to Donihe personally, and to Donihe through Carl Kirkpatrick. On one occasion, she delivered cocaine to Carl Kirkpatrick at the airport while he was driving the gray Mercedes in question. On another occasion, she met Donihe at a Roadway Inn in Blountville, Tennessee, to deliver cocaine after Donihe had given her money at the same location. Donihe was driving the gray Mercedes and was in the vehicle when she brought the cocaine to him.

Carl Kirkpatrick, III, testified as follows: He had been a pilot for Donihe from June, 1987. He was Donihe's personal pilot, but had also worked for Donihe's company, Donihe Graphics. Donihe had a 1988 gray Mercedes prior to obtaining the 1989 model that is at issue herein, and he could not remember exactly when Donihe got the 1989 model. He had driven Donihe's 1989 Mercedes frequently and it was understood that he could drive the vehicle without Donihe's permission. He did not have a set of keys, but the keys were left available on counters at Donihe's house. In January of 1989, he made a

purchase of cocaine for his and Donihe's use while driving the vehicle. He had driven from Banner Elk, North Carolina, to Kingsport where he had picked up one of Donihe's sales executives, Evelina Baker. Baker then drove Kirkpatrick in the car to another location in Kingsport where she obtained about one and one-fourth grams of cocaine which cost approximately $300.00 to $325.00. On that same date, he took the one and one-fourth grams of cocaine to a person he knew as "fat boy" who was in fact Lee Porter, an agent with the Tennessee Bureau of Investigation (TBI). Kirkpatrick was arrested and agreed to cooperate with TBI and testify in this matter in exchange for being granted probation on the drug possession charges against him.

TBI special agent, Lee Porter, testified as follows: On January 7, 1989, he met special agent, Bob Denney, in Kingport at Denney's request and they made several telephone calls to Kirkpatrick. Kirkpatrick had advised them to come to his father's residence and when Kirkpatrick arrived in the subject vehicle, he got out and opened a briefcase containing eleven small packets of cocaine. Kirkpatrick told Porter that he had tried to get an ounce of cocaine, but was not able to get that much and therefore was not going to sell any cocaine to Porter. However, Porter and Kirkpatrick discussed a deal for the purchase of a larger amount of cocaine at a later date and Kirkpatrick gave Porter a packet of cocaine at no charge.

The administrative law judge ordered forfeiture of the vehicle and made findings of fact which included:

> From the above testimony, it is found that the 1989 Mercedes Benz automobile was used on January 7, 1989, for the purchase of cocaine for Tom Donihe. On January 7, 1989, Carl Kirkpatrick and Evelina Baker drove the vehicle for this purchase and transported cocaine in the vehicle. The evidence on this is unrebutted. The preponderance of the evidence is that Mr. Kirkpatrick also intended to purchase cocaine for resell on January 7, 1989. Final-

ly, the preponderance of the unrebutted evidence is that the subject automobile was used on two other occasions at the Kingsport airport and the Blountville Roadway Inn in late 1988 or early 1989, to facilitate the purchase of cocaine from Sharon Osborne, on the former occasion by Carl Kirkpatrick for Tom Donihe, on the latter occasion by Tom Donihe himself.

> Tom Donihe in no way established any lack of consent to or knowledge of the use of the subject automobile for such activities.

Upon appeal to the agency, the Department of Safety, the commissioner adopted the findings of fact and conclusions of law of the administrative law judge and affirmed the forfeiture. On petition for review in the chancery court, the chancellor affirmed the commissioner's ruling and on the appeal to this Court the only issue for review is whether the chancery court erred in affirming the agency decision.

Petitioners assert that there was insufficient evidence to support the administrative decision, that there was no proof of agency or permissive use of the subject vehicle, and that the owner of the vehicle was not given the required statutory notice.

■ The administrative judge, as the trier of fact, had the opportunity to observe the manner and demeanor of all of the witnesses as they testified from the witness stand. The weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact and the credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum–James Co.*, 205 Tenn. 478, 327 S.W.2d 47 (1959); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn.App.1982).

Donihe points out some inconsistencies in Ms. Osborne's recollection with regard to particular dates of the transactions in which she was involved. He further points out that Osborne's testimony included a transaction where she delivered cocaine to Donihe and Kirkpatrick whereas Kirkpatrick testified that he had not personally witnessed the

transaction between Osborne and Donihe. Although there are possible inconsistencies, the trier of fact was convinced of the witnesses' credibility and accredited their testimony.

■ Donihe argues that under Tennessee law, corroboration of an accomplice's testimony is required. He states that the testimonies of Osborne and Kirkpatrick are required to be corroborated in order to sustain the forfeiture. We must disagree. Donihe relies on criminal cases (guilt must be established beyond a reasonable doubt) which hold that a criminal conviction cannot be based solely upon the uncorroborated testimony of an accomplice. *See Sherrill v. State,* 204 Tenn. 427, 433, 321 S.W.2d 811, 814 (1959); *Gable v. State,* 519 S.W.2d 83, 84 (Tenn.Crim.App. 1974). Petitioners have not cited nor has our research revealed any authority that would apply this rule to a forfeiture case which merely requires a preponderance of the evidence.

■ Donihe also relies on the exceptions set out in the forfeiture statute, T.C.A. § 53–11–409 (current version at T.C.A. § 53–11–451 (1991)), which, as pertinent to the issue in this case, is as follows:

(a) The following are subject to forfeiture:

\*   \*   \*   \*   \*   \*

(4) All conveyances, including aircraft, vehicles or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale or receipt of property described in subdivision (a)(1) or (2), but:

\*   \*   \*   \*   \*   \*

(B) No conveyance is subject to forfeiture under this section by reason of any act or omission **established by the owner** thereof to have been committed or omitted without such owner's knowledge or consent;

(C) A conveyance is not subject to forfeiture for a violation of Sec. 39–6–417(b). . . .

\*   \*   \*   \*   \*   \*

Petitioners assert that the proof showed that the vehicle in question was related to simple possession of cocaine only, and under T.C.A. § 53–11–409(a)(4)(C) there should be no forfeiture. We would agree with petitioners' argument if the proof in this case was confined to simple possession. In *Hughes v. State Dept. of Safety,* 776 S.W.2d 111 (Tenn. App.1989), the Court said:

We think that Tenn.Code Ann. § 53–11–409(a)(4)(C) could prevent the forfeiture of a vehicle when the operator is found guilty of simple possession of a small amount of a controlled substance and the vehicle's only connection with the substance is as a means of transportation. Arguably, then, forfeiture would not occur when the vehicle is used only to transport the illegal drug. Section 53–11–409(a)(4)(C) does not, however, exempt from forfeiture a vehicle that has been used to facilitate the illegal sale or receipt of a controlled substance.

776 S.W.2d at 115. The evidence supports the finding of the administrative law judge that the subject gray Mercedes was used to facilitate the sale of the illegal substance.

■ Donihe next contends that the state did not meet its burden of showing that Donihe either had knowledge of or consented to the alleged acts committed in the subject Mercedes. There is evidence in the record that Donihe authorized the use of his vehicle for purposes in violation of the statute. Moreover, T.C.A. § 53–11–409(a)(4)(B) places the burden of proving lack of knowledge or consent on the one claiming it. Donihe presented no such evidence in this case.

■ Donihe also contends that the notice of seizure in this matter was defective because it indicates that Tom Donihe is the owner of the vehicle, whereas Donihe Graphics, Inc., is the actual owner of the vehicle. It is undisputed that Tom Donihe is the sole owner of Donihe Graphics. We also note that Tom Donihe accepted the notice in question and pursuant to that notice filed the request for a hearing on behalf of himself and Donihe Graphics, Inc. As the administrative law judge found, "the notice fulfilled

the function it was intended to fulfill, by notifying the primary if not the only human being who would have had any real interest in filing a claim in this matter."

The judgment of the trial court is affirmed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants.

TOMLIN, P.J. (Western Section), and HIGHERS, J., concur.