EDWARD TRAUGHBER, a minor,                     )
individually, and by next friends and          )
parents, EDWARD WEAVER and                     )
JUANITA TRAUGHBER, and EDWARD)
WEAVER and JUANITA TRAUGHBER,)
individually,                                  )
                                               )       Montgomery Circuit
      Plaintiffs/Appellants,                  )       No.   C-9-217
                                               )
VS.                                            )
                                               )
KELLY A. KRESS, JAMES LEON                     )       Appeal No.
MILLER, SR., CLARKSVILLE                       )       01A01-9709-CV-00525
MONTGOMERY COUNTY SCHOOL        )
BOARD and CLARKSVILLE                          )
MONTGOMERY COUNTY SCHOOL        )
SYSTEM,                                        )
                                               )
      Defendants/Appellees.                   )

FILED

July 31, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

HONORABLE JAMES E. WALTON, CHANCELLOR

Roland Robert Lenard
321 Franklin Street
Clarksville, Tennessee 37040
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Steven C. Girsky
121 South Third Street
Clarksville, Tennessee 37040
ATTORNEY FOR DEFENDANTS/APPELLEES

**AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| | | |
|---|---|---|
| **EDWARD TRAUGHBER, a minor,** | ) | |
| **individually, and by next friends and** | ) | |
| **parents, EDWARD WEAVER and** | ) | |
| **JUANITA TRAUGHBER, and EDWARD** | ) | |
| **WEAVER and JUANITA TRAUGHBER,** | ) | |
| **individually,** | ) | |
| | ) | **Montgomery Circuit** |
| **Plaintiffs/Appellants,** | ) | **No. C9-217** |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **KELLY A. KRESS, JAMES LEON** | ) | **Appeal No.** |
| **MILLER, SR., CLARKSVILLE** | ) | **01A01-9709-CV-00525** |
| **MONTGOMERY COUNTY SCHOOL** | ) | |
| **BOARD and CLARKSVILLE** | ) | |
| **MONTGOMERY COUNTY SCHOOL** | ) | |
| **SYSTEM,** | ) | |
| | ) | |
| **Defendants/Appellees.** | ) | |

# O P I N I O N

The plaintiff, Edward Traughber was seriously injured prior to boarding a school bus which was stopped with red warning lights flashing and a stop sign extended from the side of the bus.

Some of the background of the injury is undisputed. Edward is the youngest of several children of Mr. and Mrs. Traughber whose home is on the north side of E Street. The regular bus driver was accustomed to proceed eastward on E Street and to stop for the Traughber children in the street in front of the Traughber home. Mrs. Traughber was accustomed to watching for the arrival of the bus and to notify her children that it was waiting. On the morning of the injury, the school bus was operated by a substitute driver who had driven the route before but was using a map showing the location of stops for children. The front of the bus moved a short distance past the customary stop and stopped "in the middle of the street" to await the children. Edward was the first child to leave the house. The bus driver looked out the front of the bus and saw an automobile approaching at a rapid speed with no apparent intention of

-2-

stopping as required by law when a school bus is stopped with flashing lights and stop sign displayed. The driver attempted to induce the approaching auto to stop by waving his arm out his window. The driver made no attempt to stop except to "take my foot off the gas." As the auto passed the bus, Edward was injured. After the injury of Edward, the passing car made 58 feet of skid marks before stopping.

The precise immediate circumstances of the injury of Edward are unclear. It is reasonably clear that the passing auto was in the street at the time of the injury. It is conceded that the cause of Edward's injury was contact between the right side of the passing vehicle and Edward's body.

The testimony of the witnesses is conflicting as to where Edward was when he was injured and whether he was standing still or moving toward the bus, i.e., into the street. The evidence is also conflicting as to the precise location of the Kress vehicle when Edward was injured. The evidence also varies as to whether the bus driver signaled the children that it was safe to enter the street before Edward was injured. There is testimony of witnesses that they did not see yellow or red lights flashing or an extended stop sign, but no witness testified positively that these warnings were not displayed and some witnesses testified that they actually saw the warnings displayed.

The plaintiffs sued Ms. Kress, the driver of the automobile, the driver of the school bus, and the school board and system which employed the bus driver. It was stipulated that the school board and system were parts of a governmental entity subject to the uniform Governmental Tort Liability Act, T.C.A. §§ 29-20-101 et seq. The bus driver was dismissed from the case because of the immunity granted by § 29-20-310(b). A settlement of the liability of Ms. Kress was approved by the Trial Court, and she was dismissed. The only issue left for resolution by the Trial Court was the liability of the Board and System for negligence of their employee, the bus driver.

At the conclusion of the evidence, the Trial Judge delivered an oral opinion containing the following:

> The plaintiffs, of course, have the burden of proof to establish by a preponderance of the evidence two things. First, that the school board though its driver, Mr. Miller, was negligent.
>
> - - - -
>
> First of all, there's no dispute that the bus stopped.
>
> - - - -
>
> I find that Mr. Miller as he was driving up the road had on the flashing yellow caution. I also find that at the time he was stopped in front of this home that the red lights were on flashing and also the stop sign outside of the bus had been activated.
>
> - - - -
>
> So there's no debate about the level of duty and responsibility that Mr. Miller had. It was a very high duty.
>
> Mr. Miller says that he did not at any time wave to the children. He said he did wave, but it was at the driver of the vehicle. But he says that he did not tell the children to come across the road.
>
> - - - -
>
> All right, the accident, itself, when Edward was struck. He obviously was hit or the side of the car hit him. Whether he ran into the side of the car, whether the side of the car in some fashion hit him as he was standing near the edge of the drive, probably no one will ever know. In the deposition testimony, Edward felt that he was in the driveway and not out in the street. Today his memory was, and again he was being as truthful as he knew how to be, was that he was near the edge of the drive as indicated in the diagram; and that when he saw the driver wave, that he was going to walk up the side of the street, cross in front of the bus and get on the bus. He doesn't remember the car hitting him.
>
> - - - -
>
> Even if these children and in particular Edward thought that Mr. Miller was waving them to come across the road, I find that he never intended or did that. I find that his effort to stop Ms. Kress was entirely responsible and reasonable. I find that in no way did Mr. Miller violate a duty which would constitute negligence or that would be proximate cause of the injury and damage that Edward has so unfortunately suffered.
>
> - - - -
>
> The damage and injuries suffered by Edward is the result of the negligence of Ms. Kress in totally failing to obey the law and totally disregarding the lights and signs by the school bus, which were there for her to see.
>
> - - - -
>
> I find that the plaintiff has failed to carry its burden of proof by a preponderance of the evidence and has not established that the defendants through its driver, Mr. Miller,

was negligent or such negligence, if any, was the proximate cause of the injury and damage to Edward.

The Trial Judge entered judgment stating:

THE COURT FINDS that the sole proximate cause of the accident is the conduct of KELLY KRESS.

THE COURT FURTHER FINDS that the Plaintiff has failed to prove that any actions or inactions of the CLARKSVILLE-MONTGOMERY COUNTY SCHOOL BOARD's agent, JAMES LEON MILLER, SR., in any way caused or contributed to cause this accident.

On appeal, the plaintiffs state the issues in the following form:

1.      That the Court erred by failing to find the appellees responsible for the personal injuries to appellant by a preponderance of the evidence.

2.      That the Court erred by failing to follow the law of the State of Tennessee concerning the duty of school bus drivers to children entrusted in their care.

Appellants first rely upon "the plentitude of violations of the driver's manual." However, appellants cite no particular part of said manual which the driver is shown to have violated.

Appellants next complain that the Trial Court found the defendant Kress negligent because he found that warning lights and sign were displayed by the bus driver. The Trial Judge credited the testimony of defendant Miller and another witness as to the warning devices. Nothing in this record justifies a revision of the finding of the Trial Judge as to credibility. *Hill v. Lawson*, Tenn. 1992, 851 S.W.2d 822.

Appellants next complain that the Trial Judge ignored certain key testimony and exhibits reflecting upon the "wave" of the bus driver. However, no specific citation supports this complaint. This Court agrees with the Trial Judge that the preponderance of the evidence establishes that the negligence of the defendant Kress in disregarding the warning devices on the bus created an emergency in which all others acted within their ability to prevent the tragic

result. The circumstances support the finding that the negligence of Ms. Kress was the sole proximate cause of the injury.

Appellants cite *Cartwright v. Graves*, 182 Tenn. 114, 184 S.W.2d 373 (1944), wherein the Supreme Court affirmed a jury verdict for the plaintiff. The injured child was on board the bus, and the driver opened the door and permitted her to leave the bus despite the fact that a large lumber truck was meeting the bus and about to pass it on the left side. In the present case, the Trial Judge, sitting without a jury, found that the driver did not signal the children that they might safely enter the street to board the bus, but was trying to stop a vehicle which had approached and was about to pass the bus at a high speed in spite of visible warning devices on the bus and the strict requirements of the law.

The sum and substance of the behavior of the defendant, Miller, as found by the Trial Judge is that Mr. Miller stopped his bus in the middle of the street, saw no vehicles approaching and was about to signal the children to cross in front of the bus to enter the door when Ms. Kress came speeding toward the bus, and he devoted all his efforts to getting her to stop as required by law, but she did not do so. She admitted that her only response to signals from the bus was to "take her foot off of the gas." Her 58 feet of skid marks began at the point of collision corroborating her failure to apply brakes sooner. If, as she insists, the child ran into the side of her car, the car was at a place where it had no right to be, namely passing a stopped school bus.

T.C.A. § 55-8-151 provides in pertinent part as follows:

> **Overtaking and passing school or church bus - Markings - Discharging passengers - Penalties**. - (a)(1) The driver of a vehicle upon a highway, upon meeting or overtaking from either direction any school bus which has stopped on the highway for the purpose of receiving or discharging any school children, shall stop the vehicle before reaching such school bus, and the driver shall not proceed until such school bus resumes motion or is signaled by the school bus driver to proceed or the visual signals are no longer actuated.
>
> - - - -

(5)     Any person failing to comply with the requirements of this subsection, requiring motor vehicles to stop upon approaching school buses, or violating any of the provisions of this subsection, commits a Class C misdemeanor.

The evidence does not preponderate against the factual findings by the Trial Judge, and no error of law is found in his conclusion that the sole proximate cause of the injury was the negligence of the defendant, Ms. Kress.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants. The cause is remanded to the Trial Court for necessary further procedure.

**AFFIRMED AND REMANDED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM B. CAIN, JUDGE