IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2010

## ANTHONY C. BROWN v. TENNESSEE DEPARTMENT OF SAFETY

**Appeal from the Chancery Court for Davidson County**
**No. 09-485-IV      Russell T. Perkins, Chancellor**

─────────────────────

**No. M2010-01040-COA-R3-CV - Filed December 23, 2010**

─────────────────────

Petitioner filed an appeal to the Commissioner of the Department of Safety to challenge the seizure of his Chevrolet Suburban incident to his arrest for drug related charges and the subsequent forfeiture of his vehicle. An Administrative Judge issued an initial order, finding the Department had carried its burden of proof and established that Petitioner's vehicle was being used to facilitate the sale of illicit drugs and ordering that Petitioner's vehicle be forfeited. The Commissioner's designee affirmed the forfeiture. Petitioner then filed a petition for judicial review with the Davidson County Chancery Court which affirmed the forfeiture by the Department. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Anthony C. Brown, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General, for the appellee, Tennessee Department of Safety.

## OPINION

On June 13, 2007, the Metropolitan Nashville Police Department seized a 1994 Chevrolet Suburban owned by Petitioner Anthony C. Brown. At the time of the seizure, Petitioner was given a "Notice of Property Seizure" form. A forfeiture warrant for Petitioner's vehicle was issued by a Davidson County Judicial Commissioner the following day. On July 10, 2007, Petitioner filed a Petition for Hearing with the Department of Safety.

On October 21, 2008, a hearing was held before Administrative Judge Steve Darnell. The Administrative Judge found that the Department had carried its burden of proof and established by a preponderance of evidence that Petitioner's vehicle was being used to facilitate the sale of illicit drugs. He ordered Petitioner's vehicle be forfeited to the seizing agency on October 29, 2008.

Two weeks later, on November 13, 2008, Petitioner filed an appeal to the Commissioner of the Department of Safety. In a Final Order entered on January 13, 2009, the Commissioner's designee affirmed and adopted the Administrative Judge's order. On March 13, 2009, Petitioner filed a petition for judicial review with the Davidson County Chancery Court. Following a hearing, the Chancellor affirmed the forfeiture in an order entered on March 31, 2010. This appeal followed.

## ANALYSIS

Petitioner challenges the decision of the chancery court upholding the administrative forfeiture of his 1994 Chevrolet Suburban. First, he contends the officer did not have reasonable grounds to stop his vehicle and that the stop was an unconstitutional pretextual stop. He also contends the items seized from his vehicle and from Ms. Taylor were the fruits of an unlawful search; therefore, they were inadmissible as evidence. Finally, he contends the evidence was insufficient to establish that Petitioner's vehicle was subject to forfeiture.[1]

Our review of forfeitures involves a three stage process. *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 820-21 (Tenn. Ct. App. 2005). First, we must decide whether the agency properly identified the appropriate legal principles. *Id.* Second, we review the agency's findings of fact to determine whether such findings are supported by a preponderance of evidence. *Id.* Finally, we determine whether the agency properly applied the governing legal standards to the facts. *Id.*

### Reasonable Grounds to Stop Petitioner's Vehicle

Petitioner contends the stop of his vehicle was an unconstitutional pretextual stop because the officer did not have reasonable grounds to stop his vehicle.

A law enforcement officer may stop a person if he or she has reasonable suspicion that the person is engaging or has engaged in unlawful activity. *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Hughes v. State*, 588 S.W.2d 296, 305-06 (Tenn. 1979). Reasonable suspicion is "a

_____

[1]Petitioner is *pro se.* The contentions stated in this paragraph are what the court understands Petitioner to have raised on appeal.

particularized and objective basis for suspecting the subject of the stop of criminal activity" and is determined based upon the "totality of the circumstances" of the encounter. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). To establish such reasonable suspicion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion" and these facts must be sufficient so that a reasonable person would find that the action taken was appropriate. *Terry*, 392 U.S. at 21.

The officer stopped Petitioner's vehicle because the officer did not see a visible license plate or temporary tag on Petitioner's vehicle, in violation of Tenn. Code Ann. § 55-4-110(b) which requires that license plates be secured in a place and position so that they are clearly visible, legible, and not covered with any tinted materials. Petitioner's temporary license plate was not visible because it was taped to the back windshield, which was tinted. Moreover, the officer was familiar with Petitioner's vehicle and the officer knew that Petitioner had outstanding warrants for his arrest due to a recent encounter with Petitioner. These facts establish that the officer had a reasonable suspicion to stop Petitioner. Therefore, the stop of Petitioner's vehicle was not an unconstitutional pretextual stop.

<u>Search Incident to Lawful Arrest</u>

Petitioner contends that the items seized from his vehicle and from Ms. Taylor were not incident to a lawful arrest and, thus, the fruits of an unlawful search. Therefore, he asserts, they were inadmissible as evidence.

A law enforcement officer may search a person incident to a lawful arrest. *State v. Watkins*, 827 S.W.2d 293, 295 (Tenn. 1992). Moreover, a law enforcement officer is permitted to seize evidence in plain view. *State v. Cothran*, 115 S.W.3d 513, 525 (Tenn. Crim. App. 2003). Such seizures are lawful when "(1) the items seized are in plain view, (2) the viewer had the right to be in the position to view the items, (3) the incriminating nature of the items was immediately apparent." *Id.* at 524-25. Further, an officer may be justified to search the arrestee's vehicle incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009).

At the time of the stop, Petitioner had an outstanding warrant; thus, Petitioner was subject to arrest and the officer lawfully placed him under arrest. After arresting Petitioner, who was a passenger, the officer asked the driver of the vehicle, Shaterica Taylor, to produce her driver's license. Ms. Taylor was unable to produce any identification, and she initially gave the officer several different fictitious names, driver's license numbers, and social security numbers. In spite of her deceit, the officer was eventually able to ascertain her true

identity and found that she too had an outstanding warrant. Ms. Taylor was then also lawfully placed under arrest.

After placing Petitioner and Ms. Taylor under arrest, the officer proceeded to search their persons as well as Petitioner's vehicle. Petitioner had no contraband on his person; however, when searching Ms. Taylor, the officer found a large amount of crack cocaine, a digital scale with a white powder residue on the surface of the scale, and a crack pipe. Ms. Taylor stated that Petitioner had shoved them down her blouse when the officer pulled them over. She also informed the officer that Petitioner had given her $100 in credit for cocaine to drive him around and to record drug sales for him.

Additionally, while speaking to Ms. Taylor as he stood next to the vehicle, the officer observed a sheet of paper on the center console between the driver seat and the passenger seat. The paper had a list of names with amounts of money owed and it was immediately apparent to the officer that this was a drug ledger, showing a list of people who owed money based on the amount of drugs purchased. *See Cochran*, 115 S.W.3d at 525. In the officer's experience, the amounts of money listed were consistent with sales of crack cocaine.

Based on the visible drug ledger, the drugs and paraphernalia on Ms. Taylor's person, and her statements, it was reasonable for the officer to search Petitioner's car for further evidence that Petitioner and Ms. Taylor were selling cocaine. *See Gant*, 129 S. Ct. at 1719. The officer saw a black nylon bag on the driver's seat and asked Ms. Taylor if it was hers, and she admitted it was. The officer searched the bag and found a number of small baggies, $800 in cash, and a baggie with numerous burned brillo pad filters.[2] He also found an additional makeshift crack pipe in the passenger side door, and a metal box in Ms. Taylor's purse containing more crack cocaine.

Based on the above facts, Petitioner and Ms. Taylor were arrested at the scene and charged with possession with intent to sell or deliver more than 26 grams of cocaine and possession of drug paraphernalia.[3]

Therefore, the items taken from Petitioner's vehicle and from Ms. Taylor were discovered in a search incident to lawful arrests. Accordingly, the items were lawfully seized and, thus, they were admissible in Petitioner's forfeiture hearing.

---

[2]The officer testified that brillo pads are used as filters in crack pipes.

[3]The Petitioner pled guilty to the lesser offense of possession of less than .5 grams of cocaine for resale and possession of drug paraphernalia. The record does not reflect the resolution of Ms. Taylor's charges.

<u>Seizure and Forfeiture of the Vehicle</u>

The State had the burden of proving by a preponderance of evidence that Petitioner's vehicle was subject to forfeiture. Tenn. Code Ann. § 40-33-210. A forfeiture order may issue if there is sufficient evidence to establish that the property was used in a manner that would make it subject to forfeiture. Tenn. Code Ann. §40-33-204(c); *see Donihe v. Tenn. Dep't of Safety*, 865 S.W.2d 903, 906 (Tenn. Ct. App. 1993). Automotive vehicles used to facilitate the transportation, sale, or receipt of illegal drugs, or the equipment or materials that are used to manufacture such substances are subject to forfeiture. Tenn. Code Ann. § 53-11-451(a)(4).

As discussed earlier, the State presented uncontroverted testimony from the arresting officer that he found a scale, 35 grams of crack cocaine, a crack pipe, numerous baggies, burnt brillo pads, and $800 in cash in Petitioner's vehicle, and Ms. Taylor admitted to the officer that she had been hired to drive Petitioner's vehicle to help Petitioner deliver drugs. The State also presented the laboratory report confirming the presence of cocaine in the seized substance.

As the Administrative Judge, the Commissioner's designee and the Chancellor found, Tenn. Code Ann. § 53-11-451(a)(4) authorizes the forfeiture of any vehicle used to facilitate the transportation, sale, or receipt of illegal drugs. Based on the officer's testimony and the evidence seized, it was proven by a preponderance of the evidence that Petitioner's vehicle was used to facilitate the sale of illegal drugs. *See McEwen*, 173 S.W.3d at 820-21.

### IN CONCLUSION

Having conducted the requisite review, as stated in *McEwen*, 173 S.W.3d at 820-21, we have determined the Department of Safety properly identified the appropriate legal principles, its findings of fact are supported by a preponderance of evidence, and the Department properly applied the applicable legal principles to its findings. Therefore, the judgment of the Chancery Court is affirmed and the forfeiture of Petitioner's vehicle is upheld.

This matter is remanded with costs of appeal assessed against Petitioner Anthony C. Brown for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE