Raymond M. BRAMBLETT, Jr., and wife, Patricia I. Bramblett, Plaintiffs-Appellants,

v.

Jimmy RUNYAN, Edith L. Runyan, James Runyan, Sr., and Savanna Runyan, Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 19, 1981.

Permission to Appeal Denied by Supreme Court Dec. 28, 1981.

John L. Wheeler, Chattanooga, for plaintiffs-appellants.

Fielding H. Atchley, Jr., of Tanner, Jahn, Atchley, Bridges & Jahn, Chattanooga, for defendants-appellees.

## OPINION

SANDERS, Judge.

This case involves a boundary line dispute. In 1943 the Defendants-Appellees, James Runyan, Sr., and wife, Savanna Runyan, owned a farm in the 4th Civil District of Hamilton County. As pertinent here, the property was bounded on the south by Smith Road and on the west by Highway 58. In 1943 they sold approximately 20 acres of this property to a Mr. Knox. The property sold to Knox is described, in part, as follows: "Beginning on the north side of Smith Road at the southwest corner of the Alger Smith property. Thence N. 67° W. along the north line of Smith Road 829 feet to a fence. Thence N. about 31° E. along said fence line 1,177 feet to the south line of R. L. Barger property."

In 1968 Mr. and Mrs. Runyan, Sr., conveyed another tract containing 3.4 acres to their son, Bobby Runyan. The description of this property begins on the north side of Smith Road at the fence line between the property sold to Knox and the property of the Runyans. It then runs northerly along the fence line toward Barger's fence approximately 400 feet.

By mesne conveyances the Plaintiffs-Appellants, Raymond M. Bramblett, Jr., and wife, Patricia I. Bramblett, became the owners of the Knox tract in 1976 and the Appellees, Defendants Jimmy Runyan and Edith L. Runyan, became the owners of the Bobby Runyan tract in 1978. The descriptions in the subsequent deeds were materially the same as in the original deeds made by Mr. and Mrs. Runyan, Sr.

The fence line between the Plaintiffs' and Defendants' properties appears to have been recognized by all owners of the properties from 1943 until about 30 days before this litigation started in April, 1979.

In the fall of 1978 the Defendant, Jimmy Runyan, went to the Plaintiff, Bramblett, and told him he would like to bulldoze out the old fence line between them, clean it up and put in a new fence. The fence line was old and in a poor state of repair. It had grown up in bushes and trees. It was in close proximity to Jimmy Runyan's house and he desired to improve the appearance of his property. The Plaintiff agreed this would be satisfactory and he would furnish the posts and wire for the new fence and Jimmy would build it. Work was not started on the project until the spring of 1979. The boundary line between the parties' properties lies west of Plaintiffs' property and east of the Defendants' property. It appears that the fence along the boundary line was not entirely straight. At places it was nailed to trees as well as to posts. At some point Jimmy told Mr. Bramblett he had a friend who was a surveyor and he would get him to survey a straight line between their properties, which was agreeable to the Plaintiff. However, some time after the bulldozing had been completed the Defendant observed surveyor's stakes sitting over on what he claimed as his property. When he approached Jimmy about it Jimmy told him that he had had the property surveyed and that was where the survey showed the boundary line to be. Over the protest of the Plaintiff Jimmy built the new fence along the line shown by the survey and that precipitated this litigation.

There is no contention by the Defendants that the new fence is located where the old fence was. The undisputed testimony of the Plaintiff shows that the new fence is seven feet and three inches east of the old fence at the north end and six feet and seven inches at the south end. The new fence was located by the surveyor using the description in the Plaintiffs' deed and "beginning on the north line of Smith Road at the southwest corner of Alger Smith property. Thence N. 67° W. along the north line of Smith Road 829 feet." This is the call used in the original Knox deed in 1943. The proof shows the measurements had no relation "to a fence" as provided in the Knox deed. The surveyor testified he saw some old fence posts and the proof indicates they were west of the 829-foot point.

There is no dispute about the new fence being located 829 feet from the original beginning point. This presents the single issue in this case as to whether the true boundary line lies along the old fence line or along the new fence line.

The chancellor fixed the boundary along the new fence line and the Plaintiffs have appealed.

 The Plaintiffs insist the boundary is along the old fence line, and we agree. It is a well-settled principle of law in this jurisdiction that natural objects, artificial monuments and adjacent boundaries will prevail over courses and distances in boundary line disputes. *Thornburg v. Chase*, Tenn.App., 606 S.W.2d 672 (1980) and cases cited.

In *Thornburg* the court quoted from the case of *Pritchard v. Rebori*, 135 Tenn. 328, 186 S.W. 121 (1916), with approval, as follows:

"The object in all boundary questions is to find, as nearly as may be, certain evidences of what particular land was meant to be included for conveyance. The natural presumption is that the conveyance is made after and with reference to an actual view of the premises by the parties to the instrument. The reason why a monument or adjacent line is ordinarily given preference over courses and distances is that the parties so presumed to have examined the property have, in viewing the premises, taken note of the monument or line. At 334–5, 186 S.W. 121."

The fact that Mr. Runyan intended the original Knox line to go to the fence is borne out by the fact that when he had the 3.4-acre tract surveyed in 1966 he told the surveyor the fence was the northeast corner of his property and requested him to begin his survey at that point. It is further substantiated by the fact that the plat of the 3.4-acre tract shows the northeast corner of the Runyan property to be 1,237 feet from Highway 58, whereas the new fence is 1,246 feet from Highway 58. Since there is a discrepancy in the distance of the 829-foot measurement along the northerly side of Smith Road and the location of the fence, the location of the fence must prevail over the distance.

There was testimony concerning damage to the fence and its being repaired or moved between 1943 and 1978, but we think the proof falls short of showing any substantial change in its location.

The issues are found in favor of the Plaintiffs. The decree of the chancellor is reversed and the case is remanded for the entry of a decree in keeping with this opinion. The cost of this appeal, together with the cost in the trial court, is taxed to the Defendants.

PARROTT, P. J., and GODDARD, J., concur.