| | | |
|---|---|---|
| CARL E. SMITH and wife, | ) | |
| VADA SMITH and | ) | |
| LUCILLE CROCKETT, | ) | |
| | ) | Appeal No. |
| Plaintiffs/Appellees, | ) | 01-A-01-9412-CH-00555 |
| | ) | |
| v. | ) | Trial Court No. 93 1386 I |
| | ) | |
| WILLIAM R. REED and wife | ) | |
| LINDA GAIL REED, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

**FILED**

**Jan. 17, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## COURT OF APPEALS OF TENNESSEE

### MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN KILCREASE, CHANCELLOR

THOMAS C. BINKLEY
C. BRIAN JACKSON
TRABUE, STURDIVANT & DeWITT
25th Floor, Nashville City Center
511 Union Street
Nashville, Tennessee  37219-1738
        ATTORNEYS FOR PLAINTIFFS/APPELLEES

THOMAS L. WHITESIDE
Suite 214
172 Second Avenue North
Nashville, Tennessee   37201
        ATTORNEY FOR DEFENDANTS/APPELLANTS

AFFIRMED AS MODIFIED

ROBERT E. CORLEW, III, SPECIAL JUDGE

CONCUR:

HENRY F. TODD, JUDGE
SAM L. LEWIS, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE

CARL E. SMITH and wife,      )
VADA SMITH and        )
LUCILLE CROCKETT,       )
              )    Appeal No.
   Plaintiffs/Appellees,      )    01-A-01-9412-CH-00555
              )
v.              )    Trial Court No.  93 1386 I
              )
WILLIAM R. REED and wife     )
LINDA GAIL REED,       )
              )
   Defendants/Appellants.     )

**O P I N I O N**

From the decision of the Trial Court establishing a boundary line dividing tracts of land owned by the parties, the Defendants appeal.

The facts are not seriously disputed.   The Plaintiffs and the Defendants are owners of adjoining tracts of land on Brush Hill Road in Davidson County, Tennessee.  The Appellants assert that the Chancellor, in determining the boundary line between the parties, inappropriately applied the law applicable to settlement of boundary disputes.  After careful consideration of all of the evidence, we find that the Court properly determined the issues, and affirm.

The facts show that the Plaintiffs, husband and wife and mother of the wife, all reside at 4000 Brush Hill Road, premises where they have resided since 1972.  The Defendants, husband and wife, purchased an adjoining tract of land located at 4004 Brush Hill Road at auction in 1989.  Neither parcel of land had been surveyed during the time any of the parties owned the real estate.  Initially, a hedge separated the tracts of land owned by the parties, but shortly after the Defendants purchased their tract, the Plaintiffs cut the hedge.  The evidence shows that for some period of time the Plaintiffs had maintained responsibility for the care of the hedge, and Carl Smith, one of the Plaintiffs, suffered a heart attack, which limited his outdoor activity.  Evidence was introduced which shows that, historically, the former owners of the tracts of land now owned by the parties to this suit always considered the hedge to be the boundary between the two tracts.  Unfortunately, after the hedge was removed, disputes arose as to the location of the boundary between the tracts. Problems between the parties heightened after the Plaintiffs purchased a metal storage building which they

2

placed on a spot which the Plaintiffs assert was the edge of their property, and which the Defendants assert crossed the boundary and was placed partially on the Defendants' land. After the Defendants sought the removal of the shed, with the assistance of an attorney, to no avail, Plaintiff Vada Smith developed a flower garden which the Plaintiffs also asserted was on the edge of their property and the Defendants asserted was partially on the Defendants' land. The Defendants then employed a surveyor, David Allen Crawford, apparently a very respected surveyor with fifteen years experience, who owned his own surveying company with eleven employees. Crawford personally came to the land, conducted measurements, and developed calculations. He found, in fact, that the boundary between the parties was as the Defendants asserted, and placed stakes along the boundary which he determined. One of those stakes was inside the flower bed cultivated by Plaintiff Vada Smith. Troubled by the presence of the stakes, particularly the stake in her flower bed which she testified she felt was particularly unattractive, Plaintiff Vada Smith removed the stakes, causing the boundary marked by Crawford no longer to be determinable. Defendants then hired Crawford to return again to mark the boundary, and erected a fence along that boundary line. Lawsuits were then filed by each of the parties, which ultimately were consolidated for purposes of trial. Each party initially filed motions for immediate relief, which the Trial Court wisely denied, ordering that the status quo should be maintained pending the conclusion of all litigation.

Deeds to the two tracts of land provided distances of the boundaries on all sides for both tracts. In fact, there is little or no dispute as to the boundary between the parties at the front of each tract, where the tracts adjoin the road, and the parties agree that a pin near the roadway establishes the boundary between the parties at that point. The parties disagree, however, as to the course of that boundary, such that a triangle of land which widens at the rear of the properties is in question. A number of problems were identified. First, the surveyors had difficulty determining the location of the boundary line between the Plaintiffs and their adjoining landowner to the South, away from the land of the Defendants. Next, the distance stated in the Defendants' deed for their rear boundary is significantly longer than is their tract of land. All parties agree that this distance call is inaccurate, and provides more land to the Defendants than is present. A further problem is that these tracts of land are bounded on the East by the Cumberland River, controlled by the Corps. of Engineers. The lots in question are greatly elevated above the river, such that a cliff or bluff exists separating these tracts of land from the river. Rather than being a sheer bluff, a steep but somewhat gradual descent

3

exists from the level of the lots to the river. Surveyors, who testified in this suit, had some difficulty determining the location of the rear or East boundary of the tracts, and the points at which these tracts adjoined the river, thus affecting the calculated distances of the North and South boundaries, being the distances of the tracts from front to rear, or from Brush Hill Road on the West to the Cumberland River on the East.

Older deeds to the properties in question reference, in addition to distances, a survey conducted by a W. B. Southgate, in 1931, and more recent deeds reflect a survey by James A. Hamilton, Jr., in 1949. These references cloud the descriptions, rather than clarifying them, when it is considered that the findings of Southgate and Hamilton are not in agreement. Further, Hamilton's work, it appears, was what would appropriately be described as a loan inspection, rather than a complete survey, and Southgate's work, conducted apparently in 1931, is not in accordance with modern standards. The problem is further heightened when it is discovered that none of these works were recorded, and that three separate drawings, all apparently made by Southgate, with slight differences, are all in existence.

In addition to the now non-existent hedge, three further landmarks exist. One is a patio near the river; second is a steep flight of stairs leading from the surface of the lots in question toward the river; and third is a rock wall. Evidence introduced at the hearing presented by persons familiar with the tracts of land as early as the decade of the 1950s, shows that both the patio and the stairs historically were considered to be a part of the tract of land now owned by the Plaintiffs. The stairs, however, are now in a state of disrepair, and the evidence shows that no one has repaired the stairs in more than a decade.

Each of the parties hired surveyors who testified before the Trial Court. David Allen Crawford testified for the Defendants, while Roger H. Fuqua testified for the Plaintiffs. Fuqua testified that he has been a surveyor for forty years, and now works with Ragan Smith and Associates, a large Nashville firm. Fuqua testified that he relied heavily upon the Southgate survey. Crawford, however, testified that he relied almost entirely upon the descriptions provided in the deeds, and then subsequently compared his survey to the Southgate survey and Hamilton survey. Fuqua presented his opinion of the location of the boundary between the parties, which showed the patio, staircase, and rock wall all on the land owned by the Plaintiffs. Fuqua also found the metal storage building and flower garden which initially precipitated this action to be on the land owned

4

by the Plaintiffs. Crawford, however, found the property line to divide the staircase, so that it was partially on the property of each of the parties, and also found the patio and rock wall to be partially owned by the Defendants. Additionally, he found the flower garden and metal storage shed to be partially on the Defendants' tract. Crawford testified that he found remnants of hedge along the line which he determined to be the boundary, although the Plaintiffs contend that the hedge found by Crawford was near the front of the tracts, where the boundaries contended by the parties are closer together. Fuqua, referencing the Southgate survey, extended one of the boundaries of the Smith property to a point which the Defendants contend is in mid-air, some distance behind the edge of the bank, and behind the Smith property, altering the angle of the boundary line which Fuqua found between the two tracts in question. The Plaintiffs, however, suggests that Crawford's shorter boundary leaves a "no man's land" between the tracts of land and the river.

Given the evidence presented, the Trial Court had little choice but to adopt the position of one of the parties, and approve the work of one of the two surveyors who testified. The Trial Court determined to accredit the work of Fuqua, repudiating the Crawford survey. While we have serious questions concerning the validity of sixty year old unrecorded surveys, particularly when the authenticity of those surveys is questioned, we also have difficulty accepting a survey which divides immovable landmarks upon a tract of land which the evidence is undisputed historically have always been considered to be exclusively upon the land of one of the two property owners.

We must recognize that the issue of boundary disputes is one of the more difficult matters a Trial Court must decide. Deeds to real estate in question often contain distances or calls which are either very approximate or in error. Often persons who are familiar with the lands in question historically have different memories of the ownership of the property in question. *See, Chapdelaine v. Tennessee State Board of Examiners for Land Surveyors*, 541 S.W.2d 786, 788 (Tenn. 1976). We must consider that the Trial Court had the opportunity to hear the testimony of the witnesses, and to watch them testify, and to form his opinion of the competence and credibility of the witnesses, and on appeal, the findings of the Trial Judge will not be overturned except when the Court finds that compelling evidence exists to the contrary. *Fielder v. Lakeside Enterprises, Inc.*, 871 S.W.2d 157, 160 (Tenn. Ct. App. 1993) *perm. app. denied* (Tenn. 1994); *Brewer v. Brewer*, 869 S.W.2d 928, 934 (Tenn. Ct. App. 1993) *perm. app. denied* (Tenn. 1993); *Donihe v. Tennessee Department of Safety*, 865 S.W.2d 903, 905 (Tenn. Ct. App. 1993) *perm. app. denied* (Tenn. 1993). The Trial Court heard

5

the testimony of the parties, their surveyors, and others who testified briefly concerning their memory of the boundary between the parties in past years. After hearing all of the evidence, the Trial Court found in favor of the Plaintiffs, establishing the boundary line in accordance with their contentions, and in accordance with the testimony of the surveyor who testified on behalf of the Plaintiffs.

The Trial Court also found, as a matter of law, that natural objects, artificial monuments, and adjacent boundaries should take precedence over courses and distances stated in deeds. In making this finding, the Court cited *Thornburg v. Chase*, 606 S.W.2d 672 (Tenn. Ct. App. 1980). The Appellants contend that the Trial Court erred in applying this law. We disagree. We have consistently applied the principals set forth in *Thornburg* for the past fifteen years. *See, Marye H. Markum and Dorothy Pritchard v. Dean Kelly* [unpublished], Appeal No. 02A01-9309-CH-00202 (Tenn. Ct. App. -- Western Section, January 26, 1995); *Maria F. Zenner v. Duncan C. King* [unpublished] Appeal No. 02A01-9101-CH-00197 (Tenn. Ct. App. -- Western Section, July 2, 1992); *Bramblett v. Runyan*, 631 S.W.2d 129, 131 (Tenn. Ct. App. 1981) *perm. app. denied*. In fact, this principle of law was first established in 1916. *Pritchard v. Rebori*, 186 S.W. 121, 122 (Tenn. 1916). Natural objects or landmarks are first considered because of their very permanent character. Artificial monuments are then considered because of their definite location. Boundaries of adjoining property owners are next considered, and calls and distances next. *Pritchard v. Rebori, supra*, at 122. We find no reason that this principle of law should not be applied in this cause.

The decision of the Trial Court must be affirmed. An additional matter, which is not raised on appeal, but which we feel compelled to address, is the issue of damages awarded by the Trial Court. The Trial Court awarded more than $10,000 in damages, the majority of which was in payment for attorney's fees. An award of attorney's fees is not appropriate absent a contractual agreement between parties, or statutory authorization. *Hannewald v. Fairfield Communities, Inc.*, 651 S.W.2d 222, 230 (Tenn. Ct. App. 1983) *perm. app. denied*; *State ex rel Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979). No authorization has been shown for the payment of attorney's fees. $1,212.25 has been awarded for "replacement costs for property damage (flowers, trees, etc.)." While we find the record silent as to any explanation as to these expenses, except for an entry in an exhibit which was received without exception, we find this issue to have been within the discretion of the Trial Court, and find that it was properly awarded. Over $100 has been awarded to the

6

Plaintiffs for film costs and developing costs, and additional dollars in court reporter's expenses, costs for copies of surveys and maps have also been charged. Additionally, $2,311.88 has been awarded for survey costs. Respectfully, we find these to be inappropriate elements of damages. Legitimate costs of trial preparation, may of course be considered as discretionary costs as provided by Rule 54.04 of *Tennessee Rules of Civil Procedure* (1995). These expenses do not include attorney's fees, but may include reasonable and necessary court reporter's expenses and reasonable and necessary expert witness fees for trials (as contrasted with the actual investigation performed by that expert).

We find it proper to modify the award of the Trial Court in favor of the Plaintiffs, allowing only the $1,212.25 for replacement costs for "property damage" found by the Court. Costs of this appeal must be paid by the Defendants.

We therefore affirm the decision of the Trial Court, modifying the amount of the award, and remand this cause to the Trial Court for further matters, including consideration of discretionary costs, should such motion be filed by the Plaintiff.

 

_____ROBERT E. CORLEW, III
SPECIAL JUDGE

 

CONCUR:

 

_____
HENRY F. TODD, JUDGE

 

_____
SAM L. LEWIS, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

 

| | | |
|---|---|---|
| CARL E. SMITH and wife, | ) | |
| VADA SMITH and | ) | |
| LUCILLE CROCKETT, | ) | |
| | ) | Appeal No. |
| Plaintiffs/Appellees, | ) | 01-A-01-9412-CH-00555 |
| | ) | |

7

v.                                    )        Trial Court No.  93 1386 I
                                      )
WILLIAM R. REED and wife              )
LINDA GAIL REED,                      )
                                      )
          Defendants/Appellants.      )


## **JUDGMENT**


_____This cause came on further to be considered by the Court upon the notice of appeal filed by

the Defendants, and upon the briefs of both parties, the arguments of counsel, and upon the entire

record in this cause, from all of which the Court finds that the judgment of the Trial Court should

be affirmed as modified, the Court finding that the financial compensation to be awarded to the

Plaintiff should be reduced to $1,212.25.

          IT IS THEREFORE ORDERED that the judgment of the Trial Court, as modified, is hereby

affirmed.   Costs of this appeal are taxed against the Appellants.    This cause is remanded to the

Trial Court for further proceedings consistent with the opinion of this Court.


_____        _____
                                         HENRY F. TODD, JUDGE


_____        _____
                                         SAM L. LEWIS, JUDGE


_____        _____
                                         ROBERT E. CORLEW, III, SPECIAL JUDGE